UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

**FILED**

NOV 1 0 2011

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

PHILLIP CLINE , ET. AL ,                    #08381-032

_____ "CLASS ACTION" _____

*(Enter above the full name of the plaintiff*        *(Inmate Reg. # of each Plaintiff)*
*or plaintiffs in this action).*

**VERSUS**              **CIVIL ACTION NO.** 5:11-0870
                         *(Number to be assigned by Court)*

1) D.J.HARMON , Acting Warden ,et. al,

2) MIKE SNOW , Unit Manger                ( All in their official)
                                          ( and individual cap-  )
3) Mr. THOMPSON , Medical Director         ( acities.             )

4) Dr. DOMINIC MCLAIN , D. O.  /5) FEDERAL BUREAU OF PRISONS
*(Enter above the full name of the defendant*
*or defendants in this action)*

## COMPLAINT

I.     **Previous Lawsuits**

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes _____          No ___X___

1

B.    If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

    1.    Parties to this previous lawsuit:

        Plaintiffs: _____

                          _____

                          _____

        Defendants: _____

                          _____

                          _____

    2.    Court (if federal court, name the district; if state court, name the county);

        _____

    3.    Docket Number: _____

    4.    Name of judge to whom case was assigned:

        _____

    5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?

        _____

    6.    Approximate date of filing lawsuit: _____

    7.    Approximate date of disposition: _____

**II.** **Place of Present Confinement:** ___FCI-BECKLEY , Beaver , WV___

    **A.** Is there a prisoner grievance procedure in this institution?

           Yes __X__          No _____

    **B.** Did you present the facts relating to your complaint in the      prisoner grievance procedure?

           Yes __X__          No _____

    **C.** If you answer is YES:

        1.    What steps did you take? ___Went through all the steps___

            ___multiple times over .___

        2.    What was the result? ___Did not receive the needed___

            ___help.___

    **D.** If your answer is NO, explain why not: _____

            _____

**III.** **Parties**

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    **A.** Name of Plaintiff: ___PHILLIP CLINE , #08 38 1-032___

        Address: ___FCI-BECKLEY , P.O.Box 350 , Beaver , 25813___

    **B.** Additional Plaintiff(s) and Address(es): _____

        _____

        _____

        _____

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank.  Use item D for the names, positions, and places of employment of any additional defendants.)

C.   Defendant: D.J.HARMON

is employed as: Acting Warden at time in question

at FCI-BECKLEY , Beaver , WV. 25813

D.   Additional defendants: ① JAMES ELLIS ,Nurse Practioner

② MIKE SNOW , Unit Manager

③ Dr. DOMINIC MCLAIN , D.O.

④ Mr. THOMPSON , Medical Director

⑤ FEDERAL BUREAU OF PRISONS

IV.   **Statement of Claim**

State here as briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.)

<u>Brief History</u>

Plaintiff cline is a disabled veteran whom has exstensive injuries which includes pelvic shear fracture with pelvic tilt,fracture right pubic rami and separation of sacroilac joints,with chronic lumbosacral strain and decreased sensory function of L5-S1of right lower extremity as a result there is pronounced intervertebral disc syndrome with persistent symptoms compatiable with sciatic neuropathy,characteristic chronic pain and demonstratable muscle spsam,ankle jerk,

4

## BRIEF HISTORY

and other unidentified neuropathy findings appropriate to site of diseased disc and little intermittent relief.The plaintiff suffers an exceptional and unusual disability demonstrates functional range of motion loss due to severe and chronic pain (see EXHIBIT A)Due to the extent of the injuries that make up Cline's disability the judge also recommended to the federal bureau of prisons: placement at FMC Lexington,which is a federal medical center so that Cline may receive the proper care and treatment accordingly, per: judgement & commitment order of 7-25-2002 (see EXHIBIT B) Plaintiff Cline has for the 10years tried to be transferred to a medical center so that he may receive the proper care and treatment, specifically pain meds strong enough to adequately address his pain to a manageable level so that he might also engage in some sort of therapy which also would slow deterioration, but all to no avail. Plaintiff Cline has been systematically denied at every level imaginable medical treatment repeatedly. A consistent pattern of reckless or negligent conduct is sufficient to establish DELIBERATE INDIFFERENCE to serious medical needs in violation of 8th amendment, to be free from cruel and unusual punishment. To be forced to endure severe pain & suffering without providing adequate care to serious medical needs is cruel & unusual punishment which is nothing short of wanton infliction of pain and deliberate indifference.(see EXHIBITS C-H)

## STATEMENT OF CLAIM

As found in Administrative remedy ID# 595891 (see EXHIBIT I) on 6-2-2010 Mr.Cline filed a (BP-8)-"Informal Resolution" to be transferred to a medical center so as to adequately address and treat the plethora of medical needs which this institution

FCI-Beckley can not or will not provide nurse practicioner James Ellis and Dr. Domonic McLain D.O. are both aware of the plaintiff's extensive injuries and ailments. Dr. McLain did prescribe pain-killer "neurontin" and "Motrin" to help ease the pain and told plaintiff that there were (12) inmates ahead of him awaiting trans-fer to Medical center for treatment as per plaintiff's court re-commendation to be designated to Medical center (See Exhibit B). Response to (BP-8) stated, "You are designated as a care Level II inmate by the office of medical designation and transportation". Plaintiff filed (BP-9) "Request for Remedy" which addressed the fact that FCI-Beckley can not or will not provide the level of medical treatment that plaintiff needs and NP Ellis and Dr. McLain are both fully aware that this institution FCI-Beckley is not equipped or staffed to treat plaintiff's serious medical needs, even Judge Reeves stated in open court that plaintiff's sentence should be served at a "Bonafide Medical Center". Both NP Ellis and Dr. McLain show "deliberate indifference" to plaintiff's serious medical needs by failing to provide the level of medical treatment consistent to the extent of injuries, and pain and suf-fering experienced by plaintiff and due to these inactions to the plaintiff's known serious medical needs his condition con-tinues to deteriorate and worsen the longer plaintiff stays at FCI-Beckley without adequate medical care. And just because FCI-Beckley has been labeled a care level II Facility does not mean anything if the level of care provided fails to reach that de-signated status. Response to (BP-9) was generated by the acting Warden D.J. Harmon on 7-19-2010 stating that further testing would ensue to diagnose and evaluate existing problems and plan of care changes would be considered at that time, request denied.

Plaintiff filed (BP-10) on 7-31-2010 alleging "deliberate indif-
ference" by numerous Health Service Employees by not adequately
treating plaintiff or transferring to Medical Center for treatment.
As a result plaintiff continues to suffer and endure chronic pain
and deterioration which adds further to injuries.  All BOP Staff
(Warden, Dr. McLain, and NP Ellis) agrees that plaintiff suffers
"serious medical injuries".  Response from Regional Director to
(BP-10) on 10-29-2010 "appeal denied."  Plaintiff filed (BP-11) On
11-7-2010 addressing same issues and requests to be transferred
to medical center. Appeal denied. the remedy was exhuasted. The
veterans administration determined plaintiff to 60% disability
(see 38CFR§4.40,4.45) "due to pain". Yet all plaintiff can receive
at this care level 2 facility is motrin ? Also as found in remedy
ID#595927 (see exhibit J) plaintiff filed (bp-8)"informal
resolution" alleging that unit manager Mike Snow has deliberately
interfered with treatment when he took it upon himself to have
a medical pass for "chair-in-cell" to be revoked that had previous
been as treatment by NP Ellis for an evident medical condition
to facilitate access to locker due to extreme pain and immobility
associated with serious medical condition. Mike Snow willingly
and wantonly interfered with treatment to intentionally inflict
pain by having "Chair-in-cell" pass revoked based solely upon
is word as unit manager, resulting in denial and intentional
interference of treatment rising to more than "Deliberate Indiffer-
ence". Response to (bp-8) on 6-22-2010 states,"the chair is not
medical equipment and can not be issued as such". Then as an
after thought wrote,"Mr.Snow did not take chair pass away or
change medical pass, medical decided it was not necessary"-(but
only after Mr. Snow requested that Medical revoke the pass).

Plaintiff then filed (BP-9) on 6-21-2010 challenging Unit Manager's Mike Snow's authority to interfere, usurp and exert undue influence upon Health Services Dept. Staff in the performance of their assigned duties.  Mr. Snow did not like the fact that Mr. Cline had a chair in his cell and when Mr. Cline tried to explain the chair and Medical pass for it Mr. Snow responded, "I don't care" and "That he would not have a chair in his cell", then snatched the medical pass out of Mr. Cline's hand and stormed off straight to Health Services.  A short time later "Chair Pass" was revoked.  Mr. Snow was not and is not a Medical Health Care Staff and as such can not (with any authority) determine what treatment is or is not beneficial to a client, this was nothing short of     an intentional interference with treatment and Medical Staff in the performance of their duties.  Response to (BP-9) on 7-15-2010 by then acting Warden D.J. Harmon stating, "Request for Remedy denied", he listed the reasons for denial, 1) Reported to staff members of unit team that there was misuse of chair 2) chair was not deemed as medical equipment therefore chair-pass inappropriate (but in a Medical Center there would be no need for a chair-pass as chairs would be readily available).  Cline filed (BP-10) on 7-26-2010 appealing Warden's response (as it was readily seen that the Warden was covering for his staff), "That there are "NO" allegations to the exact way the chair was being abused or misused."  Mike Snow didn't like the chair in Mr. Cline's cell, then Medical Staff all of a sud-den determined that a chair was not authorized medical equipment and therefore could not be issued as such all this just to suit Mike Snow's reasoning (since he's obviously a Medical Expert).  Mike Snow is in clear violation of policy, Ethical Standards of Employee Conduct, and violation of State and Federal constitutional rights.  Also in

(BP-10), "Ellis is in violation of Policy 6031.01 patient care, to allow himself to be bullied or persuaded to alter medical treatment by non-medical staff and as such, Ellis, has compromised Cline's well-being and safety within his own cell. Response to (BP-10) by Region on 11-1-2010 states, "that the medical pass for the chair was revoked due to reports of misuse by lounging and reading in the chair. (of course it is not stated on the record where these "Reports" came from but it's pretty obivous that **Mike Snow** was the one making the "Report".). Furthermore chair pass was issued as Medical treatment but has erroneously been treated as a privelege. "Appeal Denied". Mr. Cline filed (BP-11) on **11-8-2010** addressing issues such as Mr. Snow intentionally and willfully and wantonly elected to personally interfer with Cline's medical treatment by exerting "undue influence" over N.P. Ellis and usurping Ellis of his medical authority to issue medical permits for treatment as he sees fit and necessary for the welfare of inmates. The Warden's response to BP-9 says that Mr. Cline was misusing this "privelege", again this is "medical treatment" **not** "privelege" and neither does he provide an explanation of exactly how it was being misused or abused. And moreover the medical staff are obviously more qualified to evaluate, assess, and guage an inmates' medical problems than an Associate Warden or Unit Manager. Response to (BP-11) on **4-26-2011** "Appeal Denied", "Remedy was Exhausted".

As previously shown the following defendants have and continue to violate Mr. Cline's 8th Amendment right to be free from **cruel and unusual punishment** by failure to provide adequate and correct treatment to his serious medical needs :

**N.P. Ellis** = "deliberate indifference" by refusal to treat Mr.

Cline's serious medical issues properly and effectively and by denying an effective pain reliever (even when it was known that Mr. Cline suffers from chronic agonizing pain), but willfully and wantonly inflicted pain and suffering upon Mr. Cline continuosly claiming that policy prevents him from issuing proper treatment.

Dr. Dominic McLain, D.O. = "deliberate indifference" by refusal to treat Mr. Cline's serious medical issues properly and effectively and also by denying an effective pain reliever (even when it was known that Mr. Cline suffers from chronic agonizing pain and that N.P. Ellis [his subordinate] has also denied him proper treatment), but willfully and wantonly inflicted pain and suffering upon Mr. Cline continuously claiming that policy prevents him from issuing proper treatment.

Thompson, "Medical Director" = "deliberate indifference" by refusing to order the proper and effective treatment for Mr. Cline's serious medical problems when he knew that Mr. Cline suffers from chronic agonizing pain and should be at a medical center and that his subordinates Ellis and McLain have also refused to properly treat, and he refused to take the necessary action to remedy the denial of effective and adequate treatment to Mr. Cline's serious medical problems. Thompson therefore also willfully and wantonly inflicted pain and suffering upon Mr. Cline and to cover his actions along with his subordinates, claims that policy prevents him from issuing proper treatment.

Mike Snow = "deliberate indifference" by intentionally interfering with prescribed treatment of Mr. Cline's serious medical problems by forcing Mr. Cline to suffer intense pain and suffering without use of his chair to facilitate access to locker, among other things. Mr Snow is in violation of every policy and ethical code nameable for such conduct.

Harmon, Actin Warden = "deliberate indifference" by failing to adequately address the issues of denial or interference by Mr.

Snow of legitimate medical treatment to Mr. Cline's serious medical problems. Then trying to cover for staff under his command of any wrong doing in an attempt to provide reasonings and theories to justify their actions.

Federal Bureau of Prisons = "Deliberate indifference" by failure to provide Mr. Cline (as well as other inmates) with proper and adequate medical treatment based upon the inmate's needs. the policy that Ellis, Mclain, and Thompson refer to is a formulary of the BOP which provides guidelines of medications and treatments that are allowed in each care level structure designation I,II,III, The BOP use this as a blanket policy to deny effective treatment to the inmate based upon their classification care level instead of tailoring the treatment to the individuals needs as afforded by the 8th amendment. This policy relating to care levels I,II,III is unconstitutional because when an inmate such as Mr. Cline has such serious medical problems that can only be effectively treated under the care level III formulary by refusing to redesignate from care level II to care level III or by refusing to adequately treat in care level II, is denial and refusal of medical treatment. The medical staff engaged in behavior that is tantamount to torture, by refusing to treat inmates medical problems systematically merely because they may not have designation of a proper care level formulary. When an inmates problems increase then care level designati -on should increase however this is not the case here at FCI-beckley Mr.Cline,s serious medical concerns are not being properly treated and addressed because the policy behind the care level designation prevents it at his care level designation of II and the medical staff refuses to apply for redesignation to upgrade his care level II to care level III even when it is known beyond a shadow of a doubt by medical staff that his needed treatment is well beyond the authorized treatment of care level II. the medical staff and BOP continue to deny effective treatment to Mr. Cline's serious medial conditions and as a result of medical staff not placing Mr. Cline in a medical center to be treated effectively for his chronic pain and suffering greatly affects his health and mobility due to loss of range of motion and by Mr. Cline not being treated with eff- ective pain meds interfers with his rehabilitation which has resulted

in severe muscle atrophy which imperils his ability to walk, whereas
had he been afforded the proper medical care his pain would have
been lessened and his ability to walk would have been greatly enhan-
ced. All of this could have been avoided had the BOP heeded the
judge's recommendation by designating Mr. Cline to FMC-Lexington as
stated in the judgement & committment (see Exhibit B). The BOP have
a policy which allows them to circumvent the 8th amendment right by
giving whatever treatment they deem adequate whether or not it add-
resses the medical issues of the prisoner. If a prisoner's medical
needs are outside the scope of designated care level then he is given
only whats authorized of that care level and denied anything else
which would effectively treat medical needs. BOP policy is so broad
that by giving an inmate "MOTRIN" BOP can declare that medical needs
have been treated and met.

It is of Mr. Cline's opinion that this policy is deliberately
indifferent to serious medical needs. It also is a clear violation
of the 8th Amendment constitutional right to medical care. The policy
of the care level I,II,III formulary system is unconstitutional
because it puts the prisoner at the mercy of a Bureaucracy with no
recourse.

**IV.    Statement of Claim (continued):**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**V.    Relief**

<u>State briefly exactly what you want the court to do for you.</u>  Make no legal arguments.
Cite no cases or statutes.

Requested "JURY TRIAL" for "CLASS ACTION".

MONEY DAMAGES : (1) Compensatory- $10 MILLION DOLLARS

                               (2) Punitive- $500 MILLION DOLLARS


INJUNCTION : Requested Preliminary Injunction and Temporary

Restraining order - to stop BOP employees from violating

my 8th amendment right,to be free from cruel and unusaul

punishment,by providing the level of care that is needed

to adequately address and treat my serious medical needs

**V.    Relief (continued)):**

and/or redesignate to Federal Medical Center that is equipped

and staffed to properly address and treat my serious medical

needs. And to rule the BOP care level 1,2,3 system as prac-

ticed in denying adequate healthcare as "UNCONSTITUTIONAL".

_____

**VII.   Counsel**

    **A.**    If someone other than a lawyer is assisting you in preparing this case, state the person's name:

_____

    **B.**    Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

             Yes _____        No __X__

    If so, state the name(s) and address(es) of each lawyer contacted:

_____

_____

    If not, state your reasons: A class action should be afforded

    an appointed attorney.

    **C.**    Have you previously had a lawyer representing you in a civil action in this court?

             Yes _____        No __X__

If so, state the lawyer's name and address:

_____

_____

Signed this _____8th_____ day of ___November_____ , 20 _11_ .

_____

_____

_____

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____11 – 8 – 2011_____ .
                           (Date)

_____

Signature of Movant/Plaintiff

_____

Signature of Attorney
(if any)

15