# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

| | |
|---|---|
| **PHILLIP CLINE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | **Civil Action No. 5:11-0870** |
| ) | |
| **D.J. HARMON, Warden,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion for Preliminary Injunction and Temporary Restraining Order" (Document No. 17.), filed on January 20, 2012. Having examined the record and considered the applicable law, the undersigned has concluded that Plaintiff's Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2011, Plaintiff, acing *pro se* and an inmate at FCI Beckley, filed his Complaint in this matter claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 1.) Plaintiff names the following as Defendants: (1) D.J. Harmon, Acting Warden; (2) Mike Snow, Unit Manager; (3) Mr. Thompson, Medical Director; (4) Dr. Dominic McLain; (5) James Ellis, Nurse Practitioner; and (6) Federal Bureau of Prisons. (Id., p. 4.) Plaintiff paid the $350.00 filing fee on November 28, 2011. (Document No. 4.)

Plaintiff alleges that Defendants are acting with deliberate indifference in providing medical treatment for his prior "extensive injuries which include a pelvic shear fracture with pelvic tilt, fracture of right pubic rami and separation of sacroiliac joints, chronic lumbosacral strain, decreased

sensory function of L5-S1 of right lower extremity, pronounced intervertebral disc syndrome with persistent symptoms compatible with sciatic neuropathy, chronic pain, muscle spasms, and ankle jerk." (Document No. 1, p. 4.) Plaintiff explains that he is a disabled veteran and the sentencing Judge recommended "placement at FMC Lexington, which is a federal medical center so that Cline may receive proper care and treatment." (Id., p. 5.) Plaintiff alleges that he "has for 10 years tried to be transferred to a medical center so that he may receive the proper care and treatment." (Id.) Plaintiff complains that FCI Beckley is unable to provide "pain medication strong enough to adequately address his pain to a manageable level so that he might also engage in some sort of therapy which would slow deterioration." (Id.) Plaintiff acknowledges that Dr. Dominic McLain "prescribed Neurontin and Motrin to help ease the pain and told plaintiff that there were 12 inmates ahead of him awaiting transfer to a Medical Center for treatment." (Id., p. 6.) Plaintiff contends that Nurse Practitioner James Ellis and Dr. McLain "are both fully aware that FCI-Beckley is not equipped or staffed to treat Plaintiff's serious medical needs." (Id.) Plaintiff further states that "[b]oth NP Ellis and Dr. McLain show deliberate indifference to plaintiff's serious medical needs by failing to provide the level of medical treatment consistent to the extent of injuries, and pain and suffering experienced by plaintiff." (Id.) Plaintiff claims that "due to these inactions to the plaintiff's known serious medical needs, his condition continues to deteriorate and worsen the longer plaintiff stays at FCI-Beckley without adequate medical care." (Id.) Plaintiff asserts that Medical Director Thompson is acting with deliberate indifference "by refusing to order the proper and effective treatment for Mr. Cline's serious medical problems when he knows that Mr. Cline suffers from chronic agonizing pain and should be at a medical center, and that his subordinates Ellis and McLain have refused to properly treat." (Id., p. 10.)

Plaintiff alleges that Mike Snow "deliberately interfered with treatment when he took it upon himself to have a medical pass for 'chair-in-cell' to be revoked." (Id., p. 7.) Plaintiff explains that the "chair-in-cell" was necessary "to facilitate access to his locker due to extreme pain and immobility associated with his serious medical condition." (Id.) Plaintiff asserts that "Mr. Snow intentionally, willfully, and wantonly elected to personally interfere with Cline's medical treatment by exerting undue influence over N.P. Ellis and usurping Ellis of his medical authority to issue medical permits for treatment as he sees fit and necessary for the welfare of inmates." (Id., p. 9.) Plaintiff contends that Warden Harmon is acting with deliberate indifference "by failing to adequately address the issues of denial or interference by Mr. Snow of legitimate medical treatment to Mr. Cline's serious medical problems." (Id., p. 11.) Plaintiff requests monetary and injunctive relief. (Id., p. 13.)

By Order entered on January 6, 2012, the undersigned directed the Clerk to "issue process in this case by preparing and serving a Summons and a copy of Plaintiff's Complaint upon the Defendants as specified in Rule 4(i)(1) - (3) of the Federal Rules of Civil Procedure." (Document No. 8.) According to the Docket Sheet, the Summons have been returned executed. (Document Nos. 11 - 16.)

On January 20, 2012, Plaintiff filed a "Motion for Preliminary Injunction and Temporary Restraining Order." (Document No. 17.) In support of his Motion, Plaintiff states as follows (Id.):

> The plaintiff will continue to be inflicted with cruel and unusual punishment unless this court issues a preliminary injunction and temporary restraining order because the defendant has, is, and will continue to inflict continuous pain and suffering upon the plaintiff as they show deliberate indifference to plaintiff's serious medical issues. The plaintiff is in need of adequate and effective treatment for his serious medical needs NOW, instead of waiting for the normal course of court proceedings which may possibly take years for the final determination. The plaintiff needs to be transferred to a Federal Medical Center (FMC) that is staffed and equipped to

adequately and effectively treat the plaintiff's serious medical issues.

## ANALYSIS

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: '[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.' Granny Goose, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

First, the Court finds that it cannot consider Plaintiff's request that the Court order Plaintiff be provided stronger pain medication or be transferred to another prison facility. It is well recognized that courts should generally avoid interfering with medical care of prisoners. See Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)(The test for deliberate indifference "affords

4

considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . [as it] remains a question of sound professional judgment'"). Further, the classification and transfer of federal prisoners falls within the broad discretion of the Bureau of Prisons, and a Court lacks authority to order that a prisoner be confined to any particular institution. See 18 U.S.C. § 3621(b)(the BOP shall designate the place of an inmate's confinement); also see Meachum v. Farno, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)(the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995)("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons."); Hinton v. Federal Bureau of Prisons, 2009 WL 3347158, * 4 n. 5 (S.D.W.Va. Oct. 14, 2009)("Inmates . . . have no constitutional right to be housed in any particular prison or jail, regardless of security classification."). Reading Plaintiff's Motion together with his Complaint, the Court next finds it does not clearly appear that immediate and irreparable injury, loss, or damage will result to Plaintiff if a preliminary injunction is not granted. Although Plaintiff complains that his pain medication is inadequate, Plaintiff acknowledges in his Complaint that Defendants are providing pain medication and medical treatment.[1] Finally, the undersigned finds it is unclear at this point in the proceedings whether Plaintiff will succeed on the merits. Wright v. Collins, 766 F.2d

---

[1] Plaintiff complains that FCI Beckley is unable to provide "pain medication strong enough to adequately address his pain to a manageable level so that he might also engage in some sort of therapy which would slow deterioration." (Document No. 1, p. 5.) Plaintiff acknowledges that Dr. Dominic McLain "prescribed Neurontin and Motrin to help ease the pain and told plaintiff that there were 12 inmates ahead of him awaiting transfer to a Medical Center for treatment." (Id., p. 6.)

841, 849 (4th Cir. 1985)(An inmate's disagreement with his medical care for an objectively serious medical injury generally will not constitute a sufficient basis for a constitutional claim.) Based on the foregoing, the Court finds that Plaintiff's request for a temporary restraining order and injunctive relief (Document No. 17.) should be denied.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's "Motion for Preliminary Injunction and Temporary Restraining Order" (Document No. 17.) and **REFER** this matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: January 24, 2012.

R. Clarke VanDervort
United States Magistrate Judge