# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

PHILLIP CLINE

                Plaintiff,

v.                                               CIVIL ACTION NO.   5:11-cv-00870

D. J. HARMON, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed Plaintiff's Complaint (Document 1) filed on November 10, 2011. Plaintiff claims an entitlement to relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). By Standing Order (Document 2) entered on September 2, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On January 20, 2012, Plaintiff filed a *Motion for Preliminary Injunction and Temporary Restraining Order* (Document 17). On January 24, 2011, Magistrate Judge VanDervort submitted Proposed Findings and Recommendations (PF&R) (Document 18), wherein the Magistrate Judge recommends the Court deny Plaintiff's motion for a preliminary injunction and temporary restraining order and refer this matter back to the Magistrate Judge for further proceedings. On January 31, 2012, Plaintiff filed his objections to the PF&R. (Document 19).

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff names the following as Defendants: (1) D.J. Harmon, Acting Warden; (2) Mike Snow, Unit Manager; (3) Mr. Thompson, Medical Director; (4) Dr. Dominic McLain; (5) James Ellis, Nurse Practitioner; and (6) the Federal Bureau of Prisons ("BOP"). (Document 1 at 4). Plaintiff alleges Defendants acted and continued to act with deliberate indifference in his medical treatment for "extensive injuries which include a pelvic shear fracture with pelvic tilt, fracture of right pubic rami and separation of sacroiliac joints, chronic lumbosacral strain, decreased sensory function of L5-S1 of right lower extremity, pronounced intervertebral disc syndrome with persistent symptoms compatible with sciatic neuropathy, chronic pain, muscle spasms, and ankle jerk." (*Id*. at 4-5.) Plaintiff alleges that he is a disabled veteran and due to this disability his sentencing Judge recommended that he be placed at the FMC Lexington facility because it is Federal Medical Center ("FMC") where he could receive proper care. (*Id*. at 5.) Nevertheless, Plaintiff submits that he has unsuccessfully attempted for ten (10) years to be transferred to a federal medical center. (*Id*.)   Specifically, Plaintiff claims his current medical treatment does not provide "pain meds strong enough to adequately address his pain to a manageable level so that he might also engage in some sort of therapy" to slow his deterioration. (*Id*.) Plaintiff contends this "consistent pattern of reckless or negligent conduct is sufficient to establish [deliberate indifference] to serious medical needs in violation of the [Eighth] [A]mendment." (*Id*.)

Plaintiff asserts that the Motrin he is currently prescribed to ease his pain is not adequate. (*Id*. at 6.) Plaintiff also contends that FCI-Beckley is not equipped or staffed to treat his serious medical needs. (*Id*.) He alleges that Defendant Snow's decision to revoke his "medical pass" for a "chair-in-cell" was made with deliberate indifference to his medical needs. (*Id*. at 7.) Plaintiff

2

contends the "chair-in-cell" is necessary "to facilitate access to his locker due to extreme pain and immobility associated with his serious medical condition." (*Id*.) Plaintiff asserts that Defendant Thompson is acting with deliberate indifference "by refusing to order the proper and effective treatment for [his] serious medical problems when [Defendant Thompson] knows that [he] suffers from chronic agonizing pain and should be at a medical center." (*Id*. at 10.) Plaintiff alleges that Defendant Harmon is acting with deliberate indifference "by failing to adequately address the issues of denial or interference by [Defendant] Snow of legitimate medical treatment to [his] serious medical problem." (*Id*. at 10-11.) Plaintiff requests monetary and injunctive relief. (*Id*. at 13.) In his Complaint, Plaintiff specifically asks for injunctive relief "to stop BOP employees from violating [his Eight] [A]mendment right to be free from cruel and unusual punishment by providing the level of care that is needed to adequately address [his] serious medical needs." (*Id*.) Further, Plaintiff asks for the Court to order that he be transferred to a FMC that is equipped to properly address his medical needs. (*Id*. at 14)

On January 20, 2012, Plaintiff filed a Motion for Preliminary Injunction and Temporary Restraining Order, wherein Plaintiff argues that he "will continue to be inflicted with cruel and unusual punishment unless this court issues a preliminary injunction and temporary restraining order because the defendants [have], [are], and [w]ill continue to inflict continuous pain and suffering upon [him]." (Document 17) Further, Plaintiff contends that he is "in need of adequate and effective treatment for his serious medical needs NOW[,] instead of waiting for the normal course of court proceedings which may possibly take years for the final determination." (*Id*.) Finally, Plaintiff argues that he "needs to be transferred to a [FMC] that is staffed and equipped to adequately and effectively treat [his] serious medical issues." (*Id*.) On January 24, 2012,

3

Magistrate Judge VanDervort submitted the PF&R (Document 18), which recommends that the Court deny Plaintiff's motion and refer this matter back to the Magistrate Judge for further disposition.

## II.  STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III.  APPLICABLE LAW

Rule 65(b) of the Federal Rules of Civil Procedure provides the circumstance under which a court many order a temporary restraining order as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

4

"A temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Company v. Nan Ya Plastics Corporation*, 174 F.3d 411, 422 (4th Cir. 1999). "[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Id.* (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In order to obtain a preliminary injunction, a plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *The Real Truth About Obama v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) *vacated by* ––– U.S. ––––, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010), *reinstated in part by* 607 F.3d 355 (4th Cir. 2010) (quoting *Winter,* 129 S.Ct. at 374). The Fourth Circuit more recently indicated *Winter* requires a party seeking a preliminary injunction to "clear[ly] show[ ]" that he or she is likely to succeed on the merits. *Dewhurst v. Century Aluminum Co.,* 649 F.3d 287, 290 (4th Cir. 2011).

### IV.    PF&R AND PLAINTIFF'S OBJECTIONS

The Magistrate Judge found that the Court cannot consider Plaintiff's request for an order that he be provided stronger pain medication or be transferred to different prison facility.

5

(Document 18 at 4). Next, the Magistrate Judge found it "does not clearly appear that immediate and irreparable injury, loss, or damage will result to Plaintiff if a preliminary injunction is not granted." (*Id*. at 5.) In making this finding, the Magistrate Judge indicated that "[a]lthough, Plaintiff complains that his pain medication is inadequate, Plaintiff acknowledges in his Complaint that Defendants are providing pain medication and medical treatment." (*Id*.) Lastly, the Magistrate Judge found that "it is unclear at this point in the proceedings whether Plaintiff will succeed on the merits." (*Id*.) In support, the Magistrate Judge cites *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) for the proposition that an inmate's disagreement with his medical care for an objectively serious medical injury generally will not constitute a sufficient basis for a constitutional claim. Consequently, based on the above findings, the Magistrate Judge recommends the Court deny Plaintiff's request for a temporary restraining order and injunctive relief. (*Id*. at 6.)

First, Plaintiff objects to the finding that the Court cannot consider Plaintiff's request for stronger pain medication because he argues that the Magistrate Judge misconstrued what he asked for in his motion. (Document 19 at 1). Instead, Plaintiff suggests the relief he requested was "Adequate and Effective treatment to his Serious Medical Needs Now." Plaintiff argues that he is not just seeking pain medication but "requesting the proper treatment regimen that will adequately and effectively address his serious medical needs." (*Id*.) Plaintiff also appears to argue that the evidence he attached to the Complaint shows that he has continually complained of chronic back and lower extremity pain and had previously been treated by the Department of Veteran Affairs ("VA") with stronger medications. *See* (Document 19 at 4-45). Plaintiff suggests that this previous treatment "draws a sharp contrast between the alleged sound professional judgment of the

6

BOP medical staff and the real professional judgment of the [VA] medical examiners." (*Id*.) Next, Plaintiff argues that the BOP has not provided him with medical treatment to "adequately address pain and suffering with [his] known serious medical needs." (*Id*. at 3) Plaintiff likens his medical treatment to giving a Band-Aid and a Motrin to a person whose arm was a cut off. (*Id*.) Plaintiff contends in both situations the person is given "medical treatment" but neither treatment rises to the standard required by the Eighth Amendment. (*Id*.) As a result of what he considers "no treatment," Plaintiff contends that his medical condition will continue to deteriorate resulting in irreparable injury if he is not granted a preliminary injunction or a temporary restraining order. (*Id*.) Finally, Plaintiff states that his cases warrant an exception to the "Hands Off doctrine" because he alleges "intentional negligence, mistreatment, and deliberate indifference." (*Id*. at 3-4.)

The Court finds that all of the above objections are without merit. In order for this Court to issue a preliminary injunction, Plaintiff must "clearly show" that he is likely to succeed on the merits of his deliberate indifference claim for inadequate medical treatment. *Dewhurst*, 649 F.3d at 290. Prisoners are guaranteed "adequate medical care" under the Eighth Amendment. To establish an Eight Amendment violation, Plaintiff must allege and prove (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). For a cruel and unusual punishment claim, "a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995)(quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). Thus, in order to be entitled to a preliminary injunction or temporary

7

restraining order, Plaintiff must first "clearly show" the deprivation of an objectively serious medical need. Second, Plaintiff must "clearly show" the treatment of his serious medical need is "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Id.* Further, "[a] defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." *Id.* at 851-52.

After reviewing the Plaintiff's Complaint, the instant motion and his objections to the PF&R, it appears that stronger pain medication is at the heart of his *Bivens* claim. The Court agrees with the Magistrate Judge's finding that Plaintiff is receiving medical care, but he disagrees with the medical care he has received. Even assuming that Plaintiff can "clearly show" that his medical need is a sufficiently serious medical need, the Court agrees with the Magistrate Judge's finding that it is unclear at this point whether the Plaintiff can succeed on the merits because Plaintiff cannot, at this point, "clearly show" that the Defendants acted with the requisite "deliberate indifference." Accordingly, Plaintiff's above objections are overruled.

Plaintiff also objects to the finding that the Court cannot consider Plaintiff's request for a transfer to another prison facility. Plaintiff suggests that "if and when it appears that the standard level of medical care has fell (sic) below the level of care needed to adequately address and treat the inmate's serious medical needs then the court is vested with jurisdiction and authority under the [Eighth] [A]mendment to order such prison to indeed provide the adequate and effective treatment to properly address [an] inmate['s] serious medical needs." (Document 19 at 1).

Plaintiff submits that when an inmate is not getting adequate and effective medical treatment that the Court is to "order the prison to provide such treatment or else then a prison can treat a prisoner's medical needs in any manner it wants to with impunity." (*Id*. at 2.)

The relevant statute to address Plaintiff's request for an order to transfer him to a FMC is found at 18 U.S.C. § 3621(b).[1] Section 3621(b) states that the BOP "shall designate the place of the prisoner's imprisonment [and the BOP] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau." 18 U.S.C. § 3621(b). Whether a prisoner is transferred to a different facility is left to the sound discretion of the BOP. A prisoner has no constitutional right to be confined in any particular institution, and prison officials have great discretion in decisions on the transfer of prisoners. *Meachum v. Fano*, 427 U .S. 215, 228 (1976). Just as Plaintiff's sentencing Judge did not have authority to order that he be confined in a particular facility, this Court lacks the authority to order that Plaintiff be transferred to a FMC. *See United States v. Williams*, 65 F.3d 301, 307 (2nd Cir. 1995) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons.") Moreover, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 40 (2002) (citing *Meachum*, 427 U.S. at 225). The Court finds that Plaintiff's objection is without merit. The Magistrate Judge correctly found that the Court lacks authority to order that a prisoner be confined to any particular institution. (Document 18 at 5). Thus, Plaintiff cannot

---

[1] Additionally, 18 U.S.C. § 4081 provides that "[t]he Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions."

9

"clearly show" that he is likely to succeed on the merits of his claim such that he is entitled to a preliminary injunction as requested.

## IV. CONCLUSION

Thus, based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 18) be **ADOPTED**. The Court **ORDERS** that Plaintiff's *Motion for Preliminary Injunction and Temporary Restraining Order* (Document 17) be **DENIED**. Pursuant to the Standing Order In Re: Assignment and Referral of Civil Actions and Matters to Magistrate Judge*s* (Document 2), the Court **ORDERS** that this case be **REFERRED** to Magistrate Judge R. Clarke VanDervort for Findings of Fact and Recommendations for disposition.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 2, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

10