IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **PHILLIP CLINE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:11-0870 |
| ) | |
| **D.J. HARMON, Warden,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**O R D E R**

Pending before the Court are the following Motions: (1) Defendants' "Motion to Strike Affidavits" (Document No. 36.), filed on April 16, 2012; and (2) Plaintiff's "Motion to Strike Declarations" (Document No. 41.), filed on April 20, 2012.

In their "Motion to Strike Affidavits," Defendants argue that the Court should strike the affidavits of Plaintiff, Curtis Thomas, and Bernie King. (Document No. 36.) First, Defendants state that "[t]he affidavits of plaintiff are not based on admissible evidence, but rather hearsay, speculation, legal conclusions, argument, and differences of opinion between plaintiff and his medical providers." (Id., p. 2.) Defendants explain that Plaintiff's affidavit "contains numerous references to hearsay conversations allegedly between plaintiff and defendants," "disagrees with the medical care provided by Dr. McLain and Mr. Ellis," "speculates that defendant McLain failed to properly prepare a request to transfer plaintiff to a medical facility," "summarily concludes that Mr. Thompson and Mr. Snow violated plaintiff's Eighth Amendment rights when Mr. Thomas asked Mr. Ellis to review plaintiff's chair pass based on a report from Mr. Snow, and "speculates that Warden Harmon interfered with plaintiff's healthcare when he reviewed plaintiff's administrative complaint." (Id., pp. 2 - 3.) Next, Defendants contend that the affidavits of King and Thomas are

improper and irrelevant because "they complain about the medical care they received at FCI Beckley in general terms without reference to any of the defendants" and "they say nothing about plaintiff's healthcare." (Id., pp. 3 - 4.) Therefore, Defendants request that "this court strike the affidavits of plaintiff, King, and Thomas." (Id., p. 4.)

In his Response to Defendants' Motion to Strike, Plaintiff argues that Defendants "incorrectly assume or infer that plaintiff filed his affidavits in opposition to their motion for summary judgment, however, let the record reflect that nowhere in any of the affidavits that plaintiff filed and submitted does it state that they were in opposition to defendants' motion for summary judgment." (Document No. 44.) Additionally, Plaintiff argues that "defendants incorrectly infer that affidavits contain hearsay conversations between plaintiff and defendants, this however is completely absurd." (Id.)

In Plaintiff's "Motion to Strike Declarations," he argues that the Court should "strike the declarations of the defendants and those of Sarah Lilly." (Document No. 41.) Specifically, Plaintiff states that "the declarations of the defendants are hearsay, speculation, legal conclusions, argument, and difference of opinion between medical providers and the plaintiff." (Id., p. 1.) Plaintiff alleges that the "Declaration of Sarah Lilly merely speculates and draws legal conclusion that plaintiff raised some issues in the instant case as those in the complaint with the West Virginia Board of Osteopathy." (Id., p. 1.) Plaintiff contends that the "Declaration of McLain is full of hearsay of the conversations between himself and plaintiff, and he draws conclusion that a Neurosurgeon Specialist doesn't know what he is talking about." (Id.) Plaintiff claims that the "Declaration of Snow concludes that it was because health services staff had determined the chair was not medically necessary for plaintiff to have in his cell, not first hand knowledge." (Id.) Plaintiff asserts that the

2

"Declaration of Thompson gives multiple references of his conversations with other staff, which is hearsay." (Id.) Plaintiff argues that the "Declaration of Harmon offers no factual support for his position that he relied on the judgment of medical staff to provide care for inmates when it had been brought to his attention that staff were not providing that needed care." (Id., p. 2.) Therefore, Plaintiff requests that the court strike Defendants and Sarah Lilly's Declarations. (Id.)

In Response to Plaintiff's Motion to Strike Declarations, Defendants argue that the Motion should be denied based on the following: (1) "The motion to strike is an unauthorized surreply;" (2) "Plaintiff's time to object has passed as his response to Defendant's Motion to Dismiss or for Summary Judgment has already been filed;" and (3) "Plaintiff's argument is without merit as the affidavits are based upon facts and admissible evidence." (Id.)

In Reply, Plaintiff contends that his "Motion to Strike Declarations" is not a surreply. (Document No. 46.) Plaintiff states that it "is completely absurd and nonsensical because if the plaintiff's motion to strike declarations were to be considered a surreply then that would also render the defendant's motion to strike plaintiff's affidavits equally a surreply." (Id., p. 1.) Next, Plaintiff contends that he did not waive his right to object the Defendants' Affidavit by first filing his Response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Id.) Plaintiff explains that he filed his "Motion to Strike Declarations" prior to the expiration of his deadline for filing a Response to Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." (Id.) Further, Plaintiff states that he made it "very clear" that he disputed Defendants' Affidavits in his Response to the "Motion to Dismiss, or in the Alternative, for Summary Judgment." (Id.) Finally, Plaintiff contends that "there has been no evidence admitted which supports declarant's speculation, legal conclusions, conjecture, or

3

arguments as contained in declarations made by the defendants and Sarah Lilly." (Id., pp. 1 - 2.)

The Fourth Circuit has explained the legal requirements for an affidavit filed in support of, or in opposition to, a motion for summary judgment as follows:

> Generally, an affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court. Federal Rule of Civil Procedure 56(e) specifically requires that affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge. *See also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991)(evidence submitted in opposition to summary judgment motion must be admissible and based on personal knowledge). Thus, summary judgment affidavits cannot be conclusory, *Rohrbough*, 916 F.2d at 975, or based upon hearsay, *Maryland Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir.), *cert. denied*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 325 (1991).

Evans v. Technologies Applications Service Company, 80 F.3d 954, 962 (4th Cir. 1996).

Based upon a review of affidavits submitted by Plaintiff (Document Nos. 6, 10, and 32) and the declarations submitted by Defendants (Document Nos. 26-1, 26-2, 26-5, 26-6, 26-7, and 26-8), the undersigned finds that Defendants' "Motion to Strike Affidavits" should be granted and Plaintiff's "Motion to Strike Declarations" should be denied. First, the Court finds that Plaintiff's affidavit merely argues that statements made by Defendants are incorrect. Additionally, Plaintiff's affidavit continuously states his difference of opinion with Defendants and concludes that Defendants violated his constitutional rights. Thus, Plaintiff's affidavit is argumentative, speculative, and conclusory. Next, the undersigned finds that the affidavits of Curtis Thomas and Bernie King are irrelevant and contain conclusory statements. In their affidavits, Mr. Thomas and Mr. King complain that they are receiving inadequate medical care. Mr. Thomas and Mr. King, however, fail to provide any information concerning the medical care provided to Plaintiff. Finally, the Court finds that the declarations of Sarah Lilly, Defendant McLain, Defendant Ellis, Defendant Snow, Defendant Thompson, and Defendant Harmon contain admissible evidence and information based

upon personal knowledge. In support of the declarations, Defendants attach the following documents: (1) A copy of Plaintiff's medical records (Document No. 26-1, pp. 12 - 74, Document No. 26-3, Document No. 26-4, pp. 1 - 80.); (2) A copy of the Memo regarding the request for Plaintiff's transfer dated March 2, 2012 (Document No. 26-4, p. 82.); (3) A copy of Plaintiff's "Complaint Questionnaire" as filed with the State of West Virginia Board of Osteopathy dated December 30, 2010 (Document No. 26-1, pp. 8 - 9); (4) A copy of a letter from the State of West Virginia Board of Osteopathy to Defendant McLain dated January 4, 2011 (Id., p. 7.); and (5) A copy of the State of West Virginia Board of Osteopathy's "Order of Dismissal" dated June 3, 2011 (Id., pp. 3 - 6.) The foregoing documents corroborate that Defendants have personal knowledge concerning statements made in their declarations. Therefore, it is hereby **ORDERED** that Defendants' "Motion to Strike Affidavits" (Document No. 36.) is **GRANTED** and Plaintiff's "Motion to Strike Declarations" (Document No. 41.) is **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, United States District Judge Irene C. Berger presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: September 4, 2012.

R. Clarke VanDervort
United States Magistrate Judge